# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JANIESE VOID-BROWN,

        Plaintiff,

vs.

FEDERAL BUREAU OF INVESTIGATION, *et al*.,

        Defendants.

2:19-cv-00286-APG-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

Before the Court is pro se Plaintiff Janiese Void-Brown's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-2). For the following reasons, Plaintiff's *in forma pauperis* application is denied without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether she may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether her complaint states a plausible claim for relief.

### I.     Plaintiff's *In Forma Pauperis* Application is Incomplete

A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff's application states that she will receive almost $1000 per month in income and public assistance, plus $2000 "[e]very 3 or 4 months" from a loan refund. (ECF No. 1 at 1). Plaintiff lists no expenses except for an undefined amount of "[u]ndergraduate student loans." (*Id.*). Though Plaintiff states she is homeless, she has listed an address that appears to be for a hostel. (ECF No. 1-1). Based on this information, the Court cannot find that Plaintiff is unable to pay fees in this

case. Additional information is necessary. Thus, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice.

**II.     Plaintiff's Complaint Fails to State a Claim Upon Which the Court May Grant Relief**

Section 1915 also requires that, should the Court grant an application to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Though the Court does not need to screen Plaintiff's complaint at this time, the Court will provide guidance to Plaintiff on the screening that will take place should Plaintiff's application be granted in the future.

Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Recitation "of a cause of action's elements supported by mere conclusory statements" is insufficient to meet this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal punctuation omitted). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "However, a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Though "[n]o technical form is required for complaints (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).

Plaintiff's complaint contains the following statutes and claims as a list in a single paragraph: "42 U.S.C. 1981, 42 U.S.C. 1983, 42 U.S.C. 1985, 5 U.S.C. 552a, 18 U.S.C. 2510, 18 U.S.C. 2710, 4th, 14th,

& 9th Amendments, breach of contract, invasion of privacy, deceit, misrepresentation, negligence, intentional infliction of emotional distress, and inducement tort (third party conspiracy)." (ECF No. 1-2 at 3). However, Plaintiff does not connect her factual assertions to any particular statute or claim. (*Id.* at 10-11). Nor does Plaintiff state which claims are brought against which Defendants. (*Id.* at 2, 6). The complaint must be clearer regarding which parties the claims are brought against and what facts and law form the basis of each claim.

Even if Plaintiff's complaint were formatted more clearly, the Court would have serious concerns regarding Plaintiff's claims. Plaintiff appears to be asserting that the FBI, Mr. Alvia, and several hotels were involved in a conspiracy to make it appear as though Plaintiff was engaged in prostitution. (*Id.* at 7-8). Plaintiff does not explain why she thinks this took place aside from vague assertions about blackmailing Plaintiff and retaliation for her work with the New York Fire Department. (*Id.*). Plaintiff is unclear how the FBI became associated with her allegations. Though individuals have allegedly approached Plaintiff about prostitution, there is nothing alleged in the complaint to link the FBI to these individuals. (*Id.*). In addition, the allegations involve actions that took place outside of Nevada, and several of the Defendants appear to be located outside Nevada. This makes it doubtful that this Court would have personal jurisdiction over some of the defendants or could be considered a proper venue. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141-42 (9th Cir. 2017); 28 U.S.C. § 1391(b).

Based on these issues with the complaint, it is likely that the Court will require Plaintiff to amend the complaint when it is screened under 28 U.S.C. § 1915(e)(2)(B). Plaintiff should consider submitting an amended complaint if she files a complete *in forma pauperis* application or pays the filing fee.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff 's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that by March 29, 2019, Plaintiff must either (1) file a complete application to proceed *in forma pauperis*, or (2) pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

IT IS SO ORDERED.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 25th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE