**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JANIESE VOID-BROWN,<br><br>                    Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al*.,<br><br>                    Defendants. | 2:19-cv-00286-APG-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 6] AND COMPLAINT [ECF NO. 5] |

Before the Court is pro se Plaintiff Janiese Void-Brown's amended application to proceed *in forma pauperis* (ECF No. 6) and complaint (ECF No. 5). For the following reasons, Plaintiff's *in forma pauperis* application should be denied and the case should be dismissed.

**DISCUSSION**

Plaintiff's filings present two questions: (1) whether she may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether her complaint states a plausible claim for relief.

**I.     Plaintiff's *In Forma Pauperis* Application is Incomplete**

A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The Court found that Plaintiff's previous application to proceed *in forma pauperis* was incomplete because it stated that she receives "almost $1000 per month in income and public assistance, plus $2000 '[e]very 3 or 4 months' from a loan refund" and did not list any monthly expenses except "an undefined amount of '[u]ndergraduate student loans.'"   (ECF No. 3 at 1). The Court denied Plaintiff's application without prejudice to obtain additional information.  (*Id.* at 1-2).

Plaintiff's amended application to proceed *in forma pauperis* does not contain the necessary additional information. Plaintiff does clarify that she is homeless but has a mailing address. (ECF No. 6 at 2). However, Plaintiff states that she has an income of $500-600 per month, receives $2000 from a loan refund every three to four months, and has $2000 in cash or an account. (*Id.* at 1-2). Plaintiff again lists no expenses other than an unspecified amount of undergraduate student loans. (*Id.* at 2). Plaintiff has again failed to demonstrate that she is unable to pay the filing fee for this action—she is receiving an income and apparently has no expenses. For this reason, Plaintiff's application to proceed *in forma pauperis* should be denied.

## II.     Plaintiff's Complaint Fails to State a Claim Upon Which the Court May Grant Relief

Section 1915 also requires that, should the Court grant an application to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Though the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied, the Court will also screen Plaintiff's amended complaint.

Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). However, a complaint may be dismissed a frivolous when "it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Plaintiff's main allegation is that the FBI, Mr. Alvia, and a hotel were involved in a conspiracy to make it appear as though Plaintiff was engaged in prostitution in order to blackmail Plaintiff. (ECF No.

5 at 6-8). Plaintiff asserts that the FBI accessed recordings taken by the hotel and distributed them "within the FBI's network." (*Id.* at 7-8).

However, there is no factual basis for Plaintiff's assertions. Plaintiff never asserts that she has received any blackmail threats or demands, or that she has been deprived of her ability to obtain employment through the FBI's actions. (*Id.* at 10). Plaintiff states she "is assuming that groups of men thought that the plaintiff was a part of a sex trafficking network, and available for prostitution based on several abduction attempts" (*Id.* at 8), but does not state why her assumptions are linked to the FBI. Plaintiff "became aware that there were images and videos released" by the FBI "when a man walking by the plaintiff in New York, NY, made a comment about the existence of the video and images." (*Id.* at 10). Plaintiff does not explain what the comment was or why it implicated the FBI. Similarly, Plaintiff seeks to support her claims against the FBI with the fact that, while in Texas, a man "asked if [Plaintiff] wanted a taste of his beer" and another man said he had seen a video of her on Etsy. (*Id.* at 11). Plaintiff does not give any basis for her assertions against the hotel except that she had been there with Mr. Avila. (*Id.* at 7, 9, 14).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 6) be DENIED and the case be DISMISSED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 1st day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE